Per Curiam.

The plaintiff’s right to recover any thing upon the merits, in this case, independently of the question in relation to the former trial, is extremely doubtful; hut he is, at all events, barred by that trial. The same matter was there properly given in evidence, and the justice erred in not allowing a de-
*380 duction on that account, if sufficiently proved.(a.) It does not appear, with certainty, whether the former trial was by jury or not; but it is fairly to be intended from the justice’s evidence that it was not. The justice says, that the plaintiff on the trial before him attempted, by some of the same witnesses examined in this cause, to reduce the price of the defendant’s labour, but he considered the plaintiff below bound by a special contract, and he accordingly allowed the defendant below a dollar and a quarter per day, according to the contract. The evidence, it would seem, therefore, was heard by the justice. If it was inadmissible, it should have been rejected, otherwise the parties could-not know on what ground thq justice decided. If he erred in receiving or rejecting the evidence, the party aggrieved would have had a remedy; but as the case now stands, the matter must be deemed to have been once tried, and the judgment must be reversed.(b.)
Judgment reversed.

 Vide Beecker and Beecker v. Vrooman, 13 Johns. Rep. 302. Jones v. Scriven, 8 Johns. Rep. 453

 Vide Jones v. Scriven, 8 Johns. Rep 453. White v. Ward & Aylesworth, 9 Johns Rep. 232 Canfield v. Monger & Adams, 12 Johns. Rep. 347.