J. RICE *v.* E. GARRETT et al.

Where the defendant, in an injunction suit prays, in his answer, for damages against the principal and sureties, and the judgment dissolving the injunction is silent on the subject of damages, it is equivalent to a rejection of the claim for damages and the judgment is *res judicata* between the parties.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *H. T. Hays*, for plaintiff and appellant. *J. Dunlap* and *W. S. Stanbury* for defendants.

BUCHANAN, J. The plea of *res judicata* was properly sustained by the District Court.

RICE
v.
GARRETT.

The present suit is for damages against the principal and two sureties upon two several injunctions bonds given for the same injunction in the case of *Garrett* v. *Rice*, decided upon appeal in this court, at the May term, 1856, not reported.

The injunction issued in the suit of *Garrett* v. *Rice*, had for its object to stay the execution of a judgment in which *Rice* was plaintiff, and *Garrett* defendant. Under the Act of 1831, the principal and sureties in the injunction bond were made parties to said suit, and *Rice*, the defendant therein, prayed, in his answer to the suit, for damages against the said principal and sureties.

The injunction was dissolved by judgment of this court on appeal; and we declared, in the reasons for judgment, that we did not think it a case for the infliction of damages.

Our decree was silent on the subject of damages. This was equivalent to a rejection of the demand for damages, under the pleadings in that cause. *Spencer* v. *Banister*, decided this term, and cases there cited.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed with costs.