JOHN A. BLEDSOE, ADMINISTRATOR, *v.* C. G. WHITE, AD-MINISTRATOR.

1. An administrator cannot assign claims due the estate in satisfaction of his individual debts.
2. ATTORNEY OF ADMINISTRATOR.—In a suit against an attorney for funds collected on a note, the property of an estate, payable to the

administrator or bearer, such attorney cannot plead that such note had been assigned to him by the administrator in payment of a debt owed by the administrator to the attorney.

3. FORMER ADJUDICATION—PRACTICE.—A plea of former adjudication, to which is annexed a copy of the proceedings in such former suit, in which the course of action does not appear identical, but accompanied by distinct averments that the matter adjudicated was the identical subject matter, and that the trial was upon the merits, should not be stricken out on exceptions. The matter should be submitted to the jury.

APPEAL from Smith. Tried below before the Hon. Z. Norton.

Suit was brought in the District Court 11th May, 1872, by C. G. White, administrator *de bonis non* of the estate of Lewis Jones, deceased, against John S. Bledsoe, administrator of the estate of B. T. Selman, deceased, to establish a claim against the estate of Selman for the sum of eighteen hundred and seventy-five dollars, on account of money collected in part by said Selman on a note for $1,026 against J. W. Davenport and Drury Smith, as principals, and R. W. Chapman and Wm. Davenport, as sureties, dated 1st January, 1861, and payable twelve months after date, with interest, to E. E. Lott, administrator of the estate of Lewis Jones, deceased, or bearer, placed by Lott in the hands of Selman, as an attorney at law, for collection, and in part by Mrs. Serena Selman, surviving wife, after the death of said Selman.

On the 28th July, 1871, the defendant filed in answer two special pleas in bar. The first, plea of former trial on the merits between the same parties, and a recovery by the defendant, to which there was appended and made part of the plea a complete transcript of the proceedings in the former suit.

The second plea alleged that B. T. Selman had been the attorney of E. E. Lott, administrator of Lewis Jones, deceased, in the administration of his estate, and also Lott's attorney generally for a number of years, and that during

the time he had attended to a great deal of professional business for him, and that his services therefor were reasonably worth two thousand dollars; that at no time had Lott paid him any money for his services; that the promissory note mentioned in plaintiff's petition was the only claim belonging to the estate of Lewis Jones, deceased, that had ever been placed in his hands for collection by said Lott; and that Lott and Selman, a short time before the death of Lott, had a full and complete settlement of the matters between them; that on said settlement Lott was found to be indebted to Selman for professional services rendered by Selman as aforesaid in the sum of two thousand dollars, and that Lott held and transferred said note, with the credits thereon, to Selman, in full satisfaction and discharge of said indebtedness; that Selman accepted the same as such, and that the note thereby became his property, and was claimed, held, and used by him as such at the time of his death, and afterwards by his surviving wife.

On the 28th March, 1872, the plaintiff excepted to defendant's answer, on the ground that it did not present any legal or equitable defenses to plaintiff's cause of action. The court sustained the motion so far as to strike out the plea of former trial on the merits. The defendant excepted to the ruling of the court, and asked leave to amend, and that the case be continued to the next term of the court, and the court granted the defendant leave to amend, and continued the case.

Amending on the 26th of March, 1873, the defendant filed a special plea in bar, alleging a former trial between the same parties on the merits. To this plea was appended and made part of it the certified transcript of the record of proceedings in the former suit. The facts and circumstances, which, together with the record of the former suit, showed that there had been a trial on the merits and a verdict and judgment for the defendant in the former suit,

were elaborately stated in the plea, and an issue tendered for a jury.

On the 26th March, 1873, the plaintiff filed a motion to strike out the amended answer, on the ground that it did not present any legal or equitable defense. This motion was sustained by the court.

On trial, verdict and judgment were for plaintiff. Motion for new trial overruled. Appeal taken by the defendants.

*Tignal W. Jones* and *R. B. Hubbard,* for appellant, cited 2 Greenl. Ev., §§ 529, 530, 531, 532; 2 Pars. on Cont., 234, 539; Foster *v.* Wells, 4 Tex., 101; Weathered *v.* Mays, 4 Tex., 387; 1 Chit. Pl., 289, 293; 1 Greenl. Ev., § 63; Gayle *v.* Ennis, 1 Tex., 184; Groce *v.* Herndon, 2 Tex., 410.

*F. M. Hays,* for appellee.

MOORE, ASSOCIATE JUSTICE.—This suit was brought by appellee, as the administrator of Lewis Jones, to recover from the appellant, as the administrator of Benjamin T. Selman, money collected by him, and his wife, as the representative of their community estate, after his death, on a note payable to E. E. Lott, administrator of Lewis Jones, deceased, or bearer, alleged to have been placed in the hands of Selman for collection, an attorney at law for said estate, by Lott, while administrator of the estate of said Lewis.

The defense mainly relied upon in the court below was—

First. After the said Lott had intrusted the note in question to Selman, who was his attorney both in his representative and individual character, said Lott transferred said note to Selman in payment of the amount due him from Lott for professional services, and that Selman accepted the note in payment and satisfaction of the amount so owing him by Lott.

Second. That all the matters involved in this suit had

been adjudicated and determined in a suit between the same parties in the District Court of Smith county at a former term thereof.

Although the note was payable to Lott, or bearer, Selman knew that it was the property of the estate, and that it had been placed in his hands as a chose in action held by Lott in his representative character, and was to be collected by him for the benefit of the estate. It is not necessary to consider the rights of parties to whom notes of this character may have been transferred by delivery, or by assignment by the administrator in his individual name, when the holder or assignee has paid an adequate consideration, without notice that the administrator is dealing with the note for his own benefit, and not that of the estate. Such is not the case now before us. Both parties to the transaction were the representatives of the estate. Whatever may be said as to the legal right of the payce to sue upon and deal with such a note as such payee, the equitable right to it, as both of these parties well knew, was in the estate, and that it was the duty of the administrator to collect it for the estate. Yet both of them knowingly and designedly dealt with and appropriated it to their individual purposes. For it is beyond dispute that almost the entire indebtedness, in payment of which it is claimed Selman received it, was the individual debt of Lott, with which the estate of Jones had no connection whatever.

As appellant's defense upon Selman's supposed right to the money collected on the note, by virtue of the alleged agreement with Lott, the former administrator of Jones, is radically defective and untenable, it is unnecessary to consider or discuss the various rulings which were made in the court below on questions growing out of it. They were dependent propositions, which fell with the destruction of the foundation upon which they were based.

Whatever may be our views, however, as to the merits of this defense as an original question, if it had been pre-

viously adjudicated on its merits by a court of competent jurisdiction in a suit between the parties, however erroneous may have been the conclusion or judgment of such court, the matter cannot be litigated again in another action between the parties to the former suit or their privies.

Appellant, especially in his amended answer alleging a former judgment, makes the distinct and positive averment that a former suit was prosecuted against him on the same cause of action upon which this one is brought; that it was made a question in that suit whether or not Selman was entitled to collect the same note, for the collection of which it is now sought to charge his estate for his own use, and whether he became the owner of it by the settlement between him and Lott, and that issue was joined between the parties on this question, and the case was decided on its merits.

A copy of the alleged former judgment is made a part of the answers.

An inspection of the record shows that both suits were brought on claims for money presented by appellee to the representative of the estate of Selman. There is a slight difference in the amounts alleged in the claims to be due appellee's estate; and the note upon which the money is charged to have been collected is not described precisely alike, or, indeed, with entire accuracy in either of the claims presented to appellant. But, from the description given in them, there is little doubt that the same note is referred to in both. Appellant, in his answers in both cases, alleges that Selman never received but one note payable to Lott as administrator of Jones.

The court cannot say, as matter of law, that the defense set up in this case was or was not passed upon in the former suit upon its merits. The record, however, shows that an issue was joined on the same defense presented in appellant's answer in this case. In the absence of proof to the contrary, this would seem to warrant the conclusion

that this defense was passed upon and determined by the former judgment. (24 How., 334; 5 Wall, 566; 14 John., 377.) But it may be that, owing to the inaccuracy of the description of the note referred to in the claim upon which the suit was brought, the case was decided without reaching the merits of appellant's defense.

But we cannot say, from the slight discrepancy in the description of the note intrusted to Selman for collection in the claims upon which the two suits are brought, and his right to the note and the money collected on it, by his settlement and agreement with Lott, may not have been passed upon and decided in the first suit; and as we cannot, we must hold that the court erred in sustaining the exceptions to appellant's answers setting up the judgment in the former case as a bar to the present action. The issue made by these answers should have been submitted to the jury to be decided as they might find the fact to be from the record of the former trial, as explained and interpreted to them by the instruction of the court, and such extraneous evidence as might be submitted to them by the parties.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.