### J. J. RACKLEY v. J. S. FOWLKES.

No. 433.—Decided May 28, 1896.

**1.  Res Judicata—Two Issues—Judgment Silent as to One.**

Where the pleadings in a former suit put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one but is silent as to the other, it is prima facie an adjudication that he was not entitled to recover upon such other cause. (P. 615.)

**2.  Same.**

Such construction of the judgment plaintiff cannot escape except by showing that before its rendition he withdrew such issue or that the court refused to decide it. (P. 615.)

**3.  Same.**

Evidence that no testimony upon such issue was introduced by him upon the trial but that after the close of the argument he offered testimony upon it which was rejected because coming too late, does not tend to show a withdrawal, but rather establishes, from the whole record, a legal presumption to the contrary—that he refused to dismiss his claim.

**4.  Same.**

Testimony of his attorney on the former trial, in connection with and reference

to such facts, that "the question of rents was not put in issue," will be understood as a mere expression of opinion as to the legal effect of his not introducing evidence; or, if meant as a statement that the issue was not raised by the pleadings, it was incompetent to contradict the record, though introduced without objection. (P. 616.)

**5. Same—Trespass to Try Title—Rents.**

In an action of trespass to try title plaintiff sued to recover the land and for rents. No testimony was introduced upon the latter issue nor was it withdrawn; but he had judgment for the recovery of the land, with nothing said about rents. In a subsequent suit for rents this judgment, pleaded as a former adjudication, was a bar to his recovery of such rents as were sought to be recovered by his former petition. (P. 617.)

ERROR to Court of Civil Appeals, Third District, upon an appeal from Tom Green County.

The opinion states the case.

*Ward & James,* for plaintiff in error, cited Freeman v. McAninch, 87 Texas, 132.

*D. D. Wallace* and *Hill, Cochran &* for appellee.

The court did not err in refusing to submit to the jury the plea of res adjudicata, because the record conclusively shows that the issue of rents was not tried and determined in the former suit. Horton v. Hamilton, 20 Texas, 606; Roberts v. Johnson, 48 Texas, 133; Teal v. Terrel, 48 Texas, 491; Cook v. Burnley, 45 Texas, 97; Bledsoe v. White, 42 Texas, 130; Foster v. Wells, 4 Texas, 101; Philipowski v. Spencer, 63 Texas, 604; Pishaway v. Runnels, 71 Texas, 352; Frankel v. Heidenheimer, 1 White & W. C. C., 807; Davis v. Schaffner, 3 Texas Civ. App., 121; 21 Am. & Eng. Encycl. Law, 185 to 192 inclusive; Clemens v. Clemens, 37 N. Y., 59.

DENMAN, ASSOCIATE JUSTICE.—J. S. Fowlkes sued J. J. Rackley in the District Court of Tom Green County for rent for seventy-five acres of land for the years 1889, 1890, 1891 and 1892, which he alleged said Rackley wrongfully dispossessed him of on the first of January, 1889, and held possession thereof during said series of years, converting to his own use the rents, fruits and revenues thereof.

Rackley, among other things, pleaded: (1) That on 29th day of March, 1889, Fowlkes filed in the District Court of Tom Green County a suit against him, Rackley, and others in trespass to try title to recover said tract of land and rents thereof for the year 1889; (2) that in said suit Rackley and other defendants joined issue with Fowlkes upon his said claim for rent, by filing an answer denying all and singular the allegations of plaintiff's petition; (3) that on the 28th day of April, 1890, said entire cause, together with said issue as to rents, being submitted to the court, it rendered judgment for plaintiff Fowlkes against all the defendants, including said Rackley, for the title and possession of said land, but failed and refused to give plaintiff Fowlkes any judgment for rents; wherefore he claimed that Fowlkes' right, if any he ever had, to

recover against him, Rackley, rents for the year 1889 was adjudicated and barred by said judgment, which he pleaded as an estoppel. On the trial of this cause plaintiff Fowlkes introduced in evidence the petition answer and judgment in the cause, formerly brought by him against defendant Rackley and others, referred to in said plea of res adjudicata, which record shows that the pleadings put in issue plaintiff's right to recover rents for said land for the year 1889, as stated in said plea of res adjudicata, and that on the date stated in said plea the court in said cause rendered a judgment "that plaintiff J. S. Fowlkes do have and recover of and from defendants J. A. Hollingsworth, John R. Nasworthy and J. J. Rackley, the title and possession to the following tracts or parcels of land, to-wit: (Here giving field notes of land for which rent is sought to be recovered in the suit now before us), and all costs of this suit; for which he may have a writ of possession and execution." After introducing said record from said original cause, plaintiff introduced as a witness D. D. Wallace, his attorney therein, who was allowed to testify in reference thereto without objection that "no evidence was introduced concerning rents of the land sued for on that trial; the question of rents was not put in issue. After the evidence was over and after the argument was closed I offered to prove the value of the rent. The testimony was objected to by H. C. Fisher, counsel for the defense, on the ground that it came too late, and the objection was sustained." This was all the evidence with reference to said plea of res adjudicata. The trial court charged the jury as follows: "You will find in plaintiff's favor for the value of the rent for the years sued for, provided you further find that J. A. Hollingsworth or said Hollingsworth and defendant had possession of said land during the year 1889, and up to May 12, 1890; and in any event you will find in plaintiff's favor for the value of the rent from May 12, 1890, to the end of the year 1892," and also directed them to estimate rent for each year separately. Whereupon the jury returned a verdict "for the rent for the year 1889, $539.58," and then gave the amount of rent separately for the years 1890, 1891 and 1892, upon which verdict the court rendered judgment in favor of plaintiff, Fowlkes, against defendant, Rackley, for the sum of $1534.20, being the total amount of the rents specified in the verdict of the jury for the years 1889, 1890, 1891 and 1892. From this judgment Rackley appealed, giving supersedeas bond, to the Court of Civil Appeals, assigning as error that the court below erred: (1) in rendering judgment against him for the rents for the year 1889; (2) in submitting the question of rents for the year 1889 to the jury; which said assignments the Court of Civil Appeals held not well taken, and affirmed the judgment of the court below, and rendered judgment that "the appellee, J. S. Fowlkes, do have and recover of and from the appellant, J. J. Rackley, principal, and his sureties, H. B. Gerhart, and W. M. Killgore, the amount adjudged by the court below, and all costs in this behalf expended." Plaintiff in error Rackley assigns as error in this court that the Court of Civil Appeals erred in refusing to sustain his assignments aforesaid.

In overruling said assignments, the Court of Civil Appeals say: "Although the pleadings in the former suit raised the issue of rent, the evidence of Mr. Wallace shows that no testimony was heard on that issue, and the judgment of the court is for the plaintiff for the land, no reference being made to the issue of rent. It is manifest, therefore, from the judgment itself, that the question of rent was not adjudicated; and, such being the case, the doctrine of res adjudicata does not apply. Horton v. Hamilton, 20 Texas, 606; Bledsoe v. White, 42 Texas, 130; Cook v. Burnley, 45 Texas, 97; Roberts v. Johnson, 48 Texas, 133; Teal v. Terrell, 48 Texas, 491; Philipowski v. Spencer, 63 Texas, 604; Pishaway v. Runnels, 71 Texas, 352."

The first question for us to determine is, what is the prima facie legal effect of the petition, answer and judgment in the original cause herein pleaded by defendant Rackley, and introduced in evidence by plaintiff Fowlkes as aforesaid, upon the latter's claim for rent for the year 1889?

The proposition seems to be sound in principle and well supported by authority that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause. (Thompson v. McKay, 41 Cal., 221; Spencer v. Banister, 12 La. Ann., 766; Rice v. Garrett, 12 La. Ann., 755; Schmidt v. Zohensdorf, 30 Iowa, 498; Johnson v. Murphy, 17 Texas, 216.) This liberal construction of the judgment against the party who sought to recover therein is supported by the presumption that the court performed the duty devolved upon it upon the submission of the cause by disposing of every issue presented by the pleadings, so as to render its judgment final and conclusive of the litigation, and by the further fact that the policy of the law favors the speedy settlement of litigation, and opposes the harassing of the defendant with two suits for the same cause. The issue of plaintiff's right to recover rent for 1889 having been clearly presented by the pleadings, plaintiff cannot escape this construction of the judgment except by showing that before its rendition he withdrew such issue or that the court refused to decide it.

This brings us to the question as to the effect of the testimony of Wallace on the question of withdrawal or refusal of the court to decide such issue. It does not tend to show a withdrawal but to show that plaintiff was insisting upon rents by offering evidence even after the argument closed. The simple fact that no evidence was introduced at the proper time, or allowed when offered, in support of the claim, could not justify a court or jury in finding that the issue was withdrawn by plaintiff, or that the court refused to pass thereon in proceeding to render judgment. On the contrary, the legal presumption from the entire record before us is that plaintiff did not, when the evidence was rejected, avail himself of his right to dismiss his claim for rent, and that the court performed its plain duty by deciding such claim against him for want of evidence.

Suppose plaintiff had taken an exception to the ruling of the court rejecting the evidence offered under the circumstances stated in the testimony of Wallace, could an appellate court have declined to consider it on the ground that plaintiff had withdrawn his claim for rent, or that the court had not adjudicated same? Clearly not. So much of this testimony as states that "the question of rents was not put in issue" we understand to be a mere expression of opinion of the witness as to the legal effect of his not having introduced any evidence as to rents. If it means that the issue of plaintiff's right to recover rents was not raised by the pleadings, it is at variance with the record of that cause introduced by plaintiff himself, and such contemporaneous verbal testimony, though admitted without objection, is no more competent to contradict that record than is such testimony so admitted to contradict the terms of a written contract. Such testimony, in the face of such pleadings, was not sufficient in law to raise an issue for the decision of the jury, as to whether the plaintiff's right to recover rents was put in issue, nor do we understand that such effect is claimed for it here. We are of the opinion that the record in the first suit shows an adjudication of plaintiff's right to recover rent for 1889, and that the testimony of Wallace does not tend to show, either that plaintiff withdrew, or that the court did not decide such issue, and therefore that the trial court in the case before us erred in submitting to the jury the question of plaintiff's right to recover rents for 1889, and in rendering judgment therefor on the verdict, and that the Court of Civil Appeals erred in not sustaining plaintiff in error's assignments based thereon.

We therefore reverse the judgments of both of said courts, and here render judgment that defendant in error take nothing as to his claim for rent for 1889, but that he recover against plaintiff in error the other rents allowed by the verdict, together with all costs in the court below; defendant in error to pay all costs incurred in the Court of Civil Appeals and this court; but no judgment will be rendered in favor of defendant in error against the sureties on said supersedeas bond, as plaintiff in error has prosecuted his appeals with effect by relieving himself from a portion of the judgment rendered against him by the trial court.

*Reversed and rendered.*