PARKER v. EMERSON et ux.    (No. 7340.)

(Court of Civil Appeals of Texas. Dallas. April 10, 1915. Rehearing Denied May 15, 1915.)

JUSTICES OF THE PEACE ⬅️146—DECISIONS REVIEWABLE—"FINAL JUDGMENT."

A judgment in a justice court in favor of plaintiff, though it fails to expressly dispose of defendant's cross-action, or plea in reconvention, is yet a "final judgment" which will support an appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 490–492; Dec. Dig. ⬅️146.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Error from Dallas County Court; W. F. Whitehurst, Judge.

Action by C. F. Emerson and wife against J. R. Parker. From a judgment for plaintiffs, defendant brings error. Affirmed.

John S. Fannin and W. H. Clark, both of Dallas, for plaintiff in error. S. P. Adams and Chas. C. Triplett, both of Dallas, for defendants in error.

TALBOT, J. On the 29th day of April, 1913, C. F. Emerson and wife instituted this suit in the justice court of precinct No. 1 of Dallas county, Tex., to recover the value of certain furniture and household goods alleged to have been wrongfully taken from them and converted by the defendant (plaintiff in error here), J. R. Parker, on or about the 24th day of December, 1912. The said goods

---

were alleged to be worth $91.95, and, in addition to that amount, the plaintiffs, Emerson and wife, sought to recover damages in the sum of $22 on account of being deprived of the rental value of the goods, and the sum of $5.60, as interest on the value thereof, the total amount prayed for being $119.55. The defendant, Parker, appeared in the justice court and pleaded a general demurrer, a general denial, and by way of cross-action or plea in reconvention alleged that the plaintiff, through his wife, Mrs. C. F. Emerson, purchased from defendant a bill of goods amounting to $145, including the household goods and property described in plaintiffs' petition; "that the title of said goods was to remain in the said defendant, J. R. Parker, until they were fully paid for; that the said contract of sale was a conditional sale, and that plaintiffs have never paid said J. R. Parker for said goods; that they now owe him $145 for said property as evidenced by said contract of sale," and that they have unlawfully converted to their own use said property, to defendant's damage in the sum of $145, for which amount he prayed judgment. On the trial of the case in the justice court January 9, 1914, a judgment in favor of plaintiffs for the sum of $43, together with the costs of suit, for which execution was directed to be issued, was rendered. This judgment made no express disposition of the defendant's cross-action or plea in reconvention, or mention it in any way. On January 19, 1914, the defendant, J. R. Parker, filed in the justice court a supersedeas appeal bond, appealing the case to the county court at law of Dallas county. On May 6, 1914, the case was called for trial in said last-named court, and, the defendant, Parker, failing to appear, judgment was rendered in favor of the plaintiffs for the sum of $91.95, with interest thereon at the rate of 6 per cent. per annum from date of judgment, together with costs of suit, and further adjudging that the defendant, Parker, have and recover nothing by his plea in reconvention. On May 7, 1914, defendant filed motions in arrest of judgment and for a new trial, asserting that his cross-action or plea in reconvention had not been disposed of by the judgment rendered in the justice court; that said judgment for that reason was not a final judgment from which an appeal would lie, and hence the county court had no jurisdiction, and the judgment in that court was a nullity. These motions were overruled, and the case is now before us on writ of error.

The assignments of error, two in number, complain respectively of the overruling of the defendant's motion in arrest of judgment and for new trial in the county court at law. It is asserted that the court's ruling on these motions was error, because the judgment of the justice court, having failed to dispose of the defendant's plea in reconvention, was not a final judgment, and hence the county court had no jurisdiction to try the cause.

The question is: Was the judgment of the justice court a final judgment? Said judgment is as follows:

"On this day came the parties by their attorneys and submitted the matter in controversy as well of fact as of law to the court, and, the evidence and the argument of counsel having been heard and fully understood, it is considered by the court that the said plaintiffs, C. F. Emerson et ux., do have and recover of the said defendant, J. R. Parker, the sum of $43, together with his costs in this behalf expended, and that he have execution. Given under my hand this January 9, 1914. S. L. Stewart, J. P."

The decisions of this state are uniform to the effect that in order for the judgment of a court to be final it must dispose of all the issues presented, as well as all the parties to the suit; but, as to what constitutes a final judgment, such as is essential to support an appeal, the holdings of some of our Courts of Civil Appeals are in decided conflict. These conflicting decisions are collated and discussed by the Supreme Court in Trammell v. Rosen, 157 S. W. 1161, and it is there pointed out that one line of the decisions referred to adheres to what is characterized as a strict construction of the statute relating to the form of judgments, and hold that a judgment which does not, in express terms, specifically dispose of a cross-action or counterclaim is not a final judgment such as will support an appeal; whereas the other line, adhering to what is termed a more liberal construction, holds that a judgment may be final even though it disposes of such cross-action or counterclaim by necessary implication only. The decisions of the Supreme Court in Linn v. Arambould, 55 Tex. 611, and Texas & Pacific Railway Co. v. Ft. Worth Street Ry. Co., 75 Tex. 82, 12 S. W. 977, are also mentioned in the opinion of the court in Trammell v. Rosen, supra, with the declaration that, while certain expressions in the Linn Case tend to support the strict construction and holding mentioned, yet both of said cases were distinguishable in the facts from the case the court had under consideration, and not decisive thereof. Now in Trammell's Case he was sued upon certain notes purporting to be secured by a vendor's lien on land claimed by him to constitute his homestead, and a writ of sequestration was sued out and levied upon the same, and upon certain personal effects, furniture, etc. Trammell by cross-action or plea in reconvention charged that the writ of sequestration was wrongfully and maliciously sued out, and prayed for both actual and exemplary damages. The trial resulted in an instructed verdict in favor of the plaintiff for the amount of the notes sued for, a foreclosure of the lien, and against Trammell on his plea in reconvention. Judgment was entered in accordance with the verdict of the jury, except that it did not expressly dispose of Trammell's plea in reconvention or cross-action, and made no mention whatever of it. From the judgment thus rendered Trammell appealed to the Court of Civil Appeals of the

Second District, and his appeal was there dismissed on the ground that the judgment appealed from was not a final judgment, in that it failed to dispose of the cross-action. A writ of error was granted by the Supreme Court, and that court, holding that the judgment of the district court was final, reversed the judgment of the Court of Civil Appeals, and remanded the cause to that court for an adjudication of the questions arising on the appeal. In passing upon the question the Supreme Court, speaking through Mr. Justice Hawkins, quoted from Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77, as follows:

"The proposition seems to be sound in principle and well supported by authority that, where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

The court also reviewed Davies v. Thomson, 92 Tex. 391, 49 S. W. 215, and said that the principle which controlled in that case and in Rackley v. Fowlkes, from which the above quotation is taken, was applicable in a great measure to Trammell's Case, and concluded its opinion thus:

"We feel constrained to hold that the judgment of the trial court, although irregular and imperfect in form, is sufficient to support the appeal. However, we feel impelled to say also that we think that, as a matter of practice, and to avoid confusion, every final judgment should plainly, explicitly, and specifically dispose of each and every party to the cause, and of each and every issue therein presented by the pleadings."

This case is decisive of the question before this court, and requires an affirmance of the judgment of the county court. Further discussion would be useless, and we shall content ourselves by simply saying that we heartily agree with the statement of the Supreme Court to the effect that, as a matter of practice, and to avoid confusion, every final judgment should plainly and specifically dispose of each and every material issue presented by the pleadings and the evidence.

The judgment of the court below is affirmed.

