ROBERSON v. TOM et al. (No. 883.)

(Court of Civil Appeals of Texas. El Paso. Oct. 31, 1918. On Rehearing, Dec. 5, 1918.)

JUDGMENT ☞601 — RES JUDICATA — SUCCESSIVE CAUSES OF ACTION.

A judgment in trespass to try title in favor of plaintiff for the land, but not allowing rentals as prayed, does not bar an action for rentals accruing subsequent to the former judgment and secured by a supersedeas bond given under Rev. St. 1911, art. 2102, on appeal in the former cause.

Appeal from Martin County Court; A. G. Odom, Judge.

Action by J. B. Roberson against C. Tom and others in the justice court. Judgment for plaintiff, and defendants appealed to the county court, where judgment was rendered for defendants, and plaintiff appeals. Reversed and remanded.

Morrison & Morrison, of Big Springs, for appellant.

S. W. Pratt, of Stanton, for appellees.

### Statement of Case.

HIGGINS, J. On March 1, 1915, appellant, Roberson, filed suit in the district court of Martin county (cause No. 426) against appellee Tom in trespass to try title to certain lands and to recover the rental value thereof as damages. The cause came on for trial, and on April 10, 1915, judgment was rendered in Roberson's favor for the possession of the premises. Upon the trial, no evidence was offered of the rental value of the lands, and, accordingly, no damages were adjudged against Tom. From this judgment, Tom appealed and gave supersedeas bond in statutory form. The judgment was affirmed by this court (182 S. W. 698), and its mandate issued and filed in court below on January 1, 1917. On June 14, 1917, Roberson filed suit in the justice court against Tom and the sureties upon his supersedeas bond to recover the rental value of said premises from April 10, 1915, to June 14, 1917. In the justice court, Roberson recovered and Tom and his sureties appealed. In the county court a plea

of res judicata interposed by Tom and the sureties was sustained and Roberson prosecutes this appeal.

### Opinion.

Appellees contend that, since Roberson failed to recover any damages in cause No. 426, the judgment therein rendered is res judicata of his right to recover in the present suit. We do not so consider it. In cause No. 426 the only issue involved, so far as concerned damage, was the right to recover rents from the date of the trespass to the date of trial. The judgment in that suit concludes his right to recover rents for that period. But in the present suit, the issue is his right to recover the rents during the time Tom retained the premises by force of the supersedeas bond and subsequent to the rendition of the judgment in cause No. 426. One of the conditions of that bond was that Tom would pay to Roberson "the value of the rent or hire of said land in any suit that may be brought therefor." Article 2102, R. S. This suit is to enforce such obligation. Manifestly, the judgment in cause No. 426 did not and could not bar a recovery for rents accruing subsequent thereto. The purpose of the bond in part was to secure such recovery. The authorities cited by appellee are upon altogether different facts and are not applicable.

Reversed and remanded.

### On Rehearing.

In original opinion, it is stated that the suit was to recover rents from April 10, 1915, to June 14, 1917. This is an erroneous statement. The suit was to recover the rents from April 10, 1915, to February 8, 1916.

Appellee earnestly insists that the opinion of this court is in conflict with Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77. We do not so regard it. On the contrary, that case is regarded as decisively supporting the conclusion of this court that the former suit does not bar a recovery of the rents from April 10, 1915, to February 8, 1916.

Motion for rehearing overruled.