McCOY v. WICHITA FALLS MOTOR CO. et al. (No. 8943.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 30, 1918.)

1. APPEAL AND ERROR ☞719(1)—ASSIGNMENTS OF ERROR—FUNDAMENTAL QUESTION.

A fundamental question is to be considered on appeal, regardless of the sufficiency of the assignment of error.

2. JUDGMENT ☞585(4)—ESTOPPEL—MATTERS DECIDED—BREACH OF WARRANTY.

In suit upon notes for price of auto truck, wherein buyer pleaded breach of warranty, judgment on notes and that buyer take nothing by his cross-action, was a defense to buyer's subsequent action for damages for same breach of warranty.

3. JUDGMENT ☞956(1) — PRESUMPTION — ISSUES.

Where judgment in seller's action on notes given for an auto truck recited buyer's cross-action for damages for breach of warranty and misrepresentations, and that he take nothing thereby, it would be presumed that issue as to misrepresentations was presented.

4. BROKERS ☞95—MISREPRESENTATIONS BY AGENT—LIABILITY.

An agent for a sale of an auto truck, who had never seen it before sale, and who only in good faith represented its quality and material, substantially as represented by principal's warranty printed on back of buyer's order was not liable to buyer for breach of such representations.

Appeal from Nolan County Court; E. E. Ray, Judge.

Suit by Thomas McCoy against the Wichita Falls Motor Company and W. H. Bray. Judgment for defendants upon a directed verdict, and plaintiff appeals. Affirmed.

Grisham, Babb & Grisham, of Sweetwater, for appellant.

Beall & Douthit and James L. Spiller, all of Sweetwater, for appellees.

CONNER, C. J. Thomas McCoy instituted this suit against W. H. Bray and the Wichita Falls Motor Company for damages in the sum of $950; that being the alleged difference between the value of an automobile truck purchased from the defendants named as it was actually delivered and the value of such truck had it been as represented and warranted. The plaintiff alleged that the truck had been sold to him as a 1½-ton truck, whereas it was but a 1-ton truck; that the defendants had represented that it was new when in fact it was old; that it was made with good material and in a workmanlike manner, whereas the material was old and the work defective. It was further alleged that the truck had been purchased upon both expressed and implied warranties, which were relied upon by the plaintiff and constituted inducements for the purchase.

The defendant Bray answered by denials and specially that in the transaction he acted for the defendant, the Wichita Falls Motor Company, as agent merely, and that he did not knowingly or purposely make any fraudulent representations to the plaintiff; that those made by him were authorized by the company; and further that the plaintiff had contributed to his damage by overloading and speeding the truck.

The Wichita Falls Motor Company, among other things, pleaded in bar a judgment of the district court of Wichita county, wherein it was alleged that the complaints made by the plaintiff in the present action had been there adjudicated against him.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A trial proceeded before a jury, and upon the conclusion of the evidence the court gave a peremptory instruction for both defendants, and the plaintiff, McCoy, has appealed from the judgment which followed the instruction.

[1, 2] The controlling question, which perhaps is fundamental in character and therefore to be considered regardless of the sufficiency of the assignment, is presented by appellant's seventh assignment of error, which goes to the action of the court in giving the peremptory instruction.

We conclude that the court did not err in this respect. The evidence shows without dispute that upon appellant's purchase of the truck in question he gave a number of purchase-money notes which were later declared upon in the district court of Wichita county, and in that suit appellant duly appeared and answered, among other things pleading by way of cross-action, substantially the same matters as presented in this suit. The judgment that followed was not only in favor of the Wichita Falls Motor Company for the amount of the notes, but also contains the following further recitation and adjudication, viz.:

"And it further appearing to the court that the defendant, Thomas McCoy, on December 13, 1916, filed his cross-action in this suit, wherein he asked for damages by reason of a warranty and misrepresentation on the part of the plaintiff, the Wichita Falls Motor Company, as to the material, workmanship, and capacity of said Wichita truck which he purchased, it is therefore ordered, adjudged, and decreed by this court that the defendant, Thomas McCoy, take nothing by reason of said cross-action, and that the plaintiff, the Wichita Falls Motor Company, go hence without day, and recover from the defendant all costs in this behalf expended, for which let execution issue."

It is also undisputed that the judgment referred to has never been set aside nor appeal therefrom taken, and we therefore think, under repeated decisions and well-established principles, that it must be held that the judgment referred to constitutes a perfect defense in favor of the Wichita Falls Motor Company against appellant's action in this suit. See Foster v. Wells, 4 Tex. 101; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77; Beaumont Irri. Co. v. Delaune, 107 Tex. 381, 180 S. W. 98; Parker v. Emerson, 176 S. W. 146.

[3] The only attack made by appellant upon the judgment mentioned is based upon the testimony of the attorney who represented appellant in the Wichita county action, to the effect that, after having presented the original answer containing the cross-action referred to in the judgment, he had filed an amended answer. If, under the authorities above cited, this would under any view of the case, constitute a difference, no force can be attached to the testimony of the attorney

referred to. No effort was made to show whether the amended answer did or did not set up the representations and the breaches of warranty averred in this case and we think we must presume from the recitations of the judgment that in fact the issues were presented. They were certainly adjudicated by the judgment, and the judgment concludes the question.

[4] It only remains to determine whether the peremptory instruction was erroneous as to the defendant Bray. We think the record fails to so show. There is no contradiction in the evidence to the effect that Bray acted in the sale of the auto truck only as an agent; that he, in fact, never saw the truck before the sale, and did no more than to represent the truck, its quality and material, substantially, as was represented by the order and warranty of the Wichita Falls Motor Company printed upon the back of appellant's application or order for the purchase.

There was evidence tending to show that the truck as delivered was, in fact, a one-ton truck, and not a 1½-ton truck, as represented it would be, and also in material and workmanship it was defective, but we find no evidence whatever tending to show that the agent Bray acted otherwise in the sale than in good faith. Appellant contends, however, that, he having bought the truck and relied upon the representations averred, the falsity thereof constituted a civil fraud which would render Bray liable. In disposing of this question we think we can do no better than to quote the language used by Chief Justice Wilson of the Texarkana Court of Civil Appeals in disposing of the case of Wimple v. Patterson, reported in 117 S. W. 1034, viz.:

"Generally speaking, it may be said that for material and false representations made by his agent, as fully as for such representations made by himself in person, the principal is responsible, if he authorized the agent to make them, or if they were made by the agent in the course of his employment as such. When so made by the agent, such representations are to be treated as the representations of the principal, and whether the principal, if he made such representations, or his agent, if he made them, knew them to be false, or made them innocently, believing them to be true, is of no importance in determining the liability of the former for damages actually suffered, where the representations were intended to induce, and did induce, a buyer to purchase property he otherwise would not have purchased of the principal. In such a case, if the representations were fraudulently made, the liability of the principal need not be rested upon the tort, but may be referred to the contract, for, whether made innocently or deceitfully, such representations as against the seller operate as a warranty. Loper v. Robinson, 54 Tex. 510; Rhoda v. Annis, 75 Me. 17, 46 Am. Rep. 354; 30 Am. & Eng. Encyc. Law (2d Ed.) p. 136; 14 Am. & Eng. Encyc. Law (2d Ed.) pp. 87, 156. They do not so operate as against the

agent, when he avowedly acts, not for himself, but for one known by the purchaser to be his principal. The contract in such a case is not the contract of the agent. He does not, merely because he may have negotiated it, become liable as a party to it. He is not in the position of having warranted the truth of the representations made by him to induce, and which do induce to his hurt, the purchaser to contract, not with him, but with his principal. If, under the circumstances stated, the agent becomes liable to the purchaser for damages suffered by him, it is by force of other principles of law than those which measure and fix the rights of parties to a contract. His liability, under such circumstances, must be measured by the laws of torts. For his fraudulent acts he is responsible to the buyer. He is not liable on the contract negotiated by him for his principal, but he is liable for his own fraud and deceit practiced on the purchaser to induce him to enter into the contract. If the fraud or deceit charged consists of false representations as to material facts made to the purchaser, to show a liability on the part of the agent it must be made to appear that he made such representations knowing them to be false, or, as stated by a writer in 20 Cyc. 24, that he made them 'as a positive assertion calculated to convey the impression that he had actual knowledge of their truth, when in fact he was conscious that he had no such knowledge.' It follows, from the principles stated, that when the agent, so acting within the scope of his employment as to bind his principal, honestly believes representations made by him to induce the purchaser to contract with his principal to be true, he is not liable either on the contract or as for a tort."

See, also, 1 Mechem on Agency (2d Ed.) §§ 1357, 1406, 1452, and 1458.

Applying the principle so clearly stated by Chief Justice Wilson to the undisputed facts of this case, we think there was no error in the court's peremptory instruction in appellee Bray's favor.

Appellant presents a number of other assignments which not only seem subject to objections made thereto by appellees, but which also relate wholly to proceedings in the trial that are entirely immaterial in view of the conclusions already announced. We need not therefore consider the remaining assignments.

The judgment will accordingly be affirmed.