NUMBER 13-02-00130-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       
   

SISTER CARMEN DE LLANO, JOSEPHINE JOHNSON,

INDEPENDENT EXECUTRIX OF THE ESTATE OF

MANUEL DE LLANO, BLANCA A. DE LLANO DE AGUILAR,

MARTHA DE LLANO DE OLIVERA, FERNANDO 

DE LLANO, JR., AS PERSONAL REPRESENTATIVE 

OF THE ESTATE OF FERNANDO DE LLANO, AND

JOSEFINA DE LLANO,                                                                   Appellants,

 

                                                             v.

 

PABLO SUESS AND FROST NATIONAL BANK,

TRUSTEES OF THE JOHN G. KENEDY, JR.

CHARITABLE TRUST,                                                                     Appellees.

                                                                                                                       


    On appeal from the 206th District Court of Hidalgo County,
Texas.

                                                                   
                                                    

                       MEMORANDUM OPINION

 

                  Before Justices Hinojosa, Yañez,
and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








Appellants, Sister Carmen De Llano,
Josephine Johnson, independent executrix of the estate of Manuel De Llano,
Blanca De Llano De Aguilar, Martha De Llano De Olivera, Fernando De Llano, Jr.,
as personal representative of the estate of Fernando De Llano, and Josefina De
Llano, filed suit against appellees, Pablo Suess and Frost National Bank,
Trustees of the John G. Kenedy, Jr. Charitable Trust, for the recovery of real
property, asserting various tort claims. 
A jury returned a verdict in favor of appellees, finding against
appellants on all liability theories and in favor of appellees= defenses. 
In six issues, appellants (1) question the finality of the judgment and
the jurisdiction of the trial court, (2) contend the appearance of the Attorney
General of the State of Texas violated the Texas and United States
Constitutions, (3) contend appellees= appeal to race during closing argument was
incurable, (4) contend the trial court erred in failing to disqualify attorney
J. A. ATony@ Canales, and (5) contend the jury=s finding on adverse possession requires
this Court to render judgment for appellants. 
We affirm.

                                                             A.  Background

As this is a memorandum opinion and because
all issues of law presented by this case are well settled and the parties are
familiar with the facts, we will not recite the law and the facts here except
as necessary to advise the parties of this Court's decision and the basic
reasons for it.  See Tex. R. App. P. 47.4.

                                                     B.  Finality
of Judgment








In their sixth issue, appellants contend the
trial court=s judgment is not final because: (1) it
adjudicated the claims of Athe Unknown Heirs of Carmen Morell Kenedy;@ (2) it failed to adjudicate appellees= counterclaim for attorneys fees; and (3) it
failed to identify, with sufficient particularity, the real property interests
involved.[1]

Appellants assert the judgment improperly
adjudicates the claims of the unknown heirs of Carmen Morell Kenedy.  However, even though a trial court grants
more relief than it ought to grant, the judgment is nevertheless final.  See Jacobs v. Satterwhite, 65 S.W.2d
653, 655 (Tex. 2001).  An order that
expressly disposes of the entire case is not interlocutory merely because the
record fails to show an adequate motion or other legal basis for the
disposition.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 206 (Tex. 2001). Language that the plaintiff
take nothing by his claims in the case, or that the case is dismissed, shows
finality if there are no other claims by other parties.  Id. at 205.

            Appellants further assert that
because appellees requested an award of attorneys fees as a counterclaim, and
no language in the judgment specifically states that they take nothing by their
counterclaims, the judgment is not final. 
However, when a judgment, not intrinsically interlocutory in character,
is rendered and entered in a case regularly set for a conventional trial on the
merits, it will be presumed for appeal purposes that the court intended to, and
did, dispose of all parties legally before it and of all issues made by the
pleadings between such parties.  Moritz
v. Preiss, 121 S.W.3d 715, 719 (Tex. 2003). 
Furthermore, claims raised by pleadings not expressly disposed of by a
judgment are denied by implication.  Rackley
v. Fowlkes, 89 Tex. 613, 36 S.W. 77, 78 (1896). 








The judgment specifically says it is a AFinal Judgment,@ acknowledges appellees as
counter-plaintiffs, and awards appellees the substantive relief requested in
their counterclaims.  Appellees admit
that they did not produce any evidence in support of their claim for attorneys
fees.  Accordingly, we conclude that
appellees= claim for attorneys fees was implicitly
denied.

Finally, appellants argue that the judgment
fails to identify with sufficient particularity the real property interests
involved.  However, because appellants
fail to cite to any authority for their contention, this argument is
waived.  See Tex. R. App. P. 38.1(h).  Appellants= sixth issue is overruled.

                                    C.  Participation
of Attorney General

In their first issue, appellants contend the
trial court violated the Texas and United States Constitutions by allowing the
Attorney General of the State of Texas to appear before the jury on behalf of
appellees.  They assert that the attorney
general=s participation in this suit constitutes
excessive entanglement of the State and religious organizations.  We note that appellants did not raise this
contention before the trial court.

The attorney general intervened in this
matter pursuant to section 123.002 of the property code, which provides:

For and on behalf of the interest of the
general public of this state in charitable trusts, the attorney general is a
proper party and may intervene in a proceeding involving a charitable
trust.  The attorney general may join and
enter into a compromise, settlement agreement, contract, or judgment relating
to a proceeding involving a charitable trust.

 

Tex. Prop. Code Ann. '123.002 (Vernon 1995).

 








Immediately before voir dire, when asked if
there were any other Ahousekeeping matters@ to address, without challenging the
constitutionality of the statutory basis for the attorney general=s intervention, counsel for appellants
expressed concern regarding the attorney general=s participation at trial.  When asked by the trial court if appellants
were making a motion, appellants= counsel responded:

We are asking the Court to either limit her
participation or at least set some ground rules, because if she is allowed
unfettered access to this litigation, she will be essentially acting in
violation of the constitutional restrictions that are set out in the Texas
Constitution that prohibit the interference or the assistance of the state to
any particular religious group.  And we
believe that=s improper and illegal.

 

When asked a second time by the trial court
what relief appellants were requesting, counsel responded:

. . . . 
We want the Court to set some very specific ground rules that will limit
the presentation to the jury of any inference or possibility in their minds
that they will perceive the State as lending its weight and prestige to a
secular religious organization, which we believe is improper under the
constitution.  We need some rules, some
relief that will protect the jury from seeing the attorney general or hearing
the attorney general arguing or representing religious entities.  

 

The trial court then set forth the requested
parameters and asked appellants if there was anything else needed from the
plaintiff=s perspective.  Counsel for appellants stated, AThat=s it, your Honor.@ 

The record reflects that appellants did not
challenge the constitutionality of section 123.002 of the property code.  Appellants only asked the trial court to set
parameters for the attorney general=s participation at trial, and the trial
court granted appellants= request. 
The trial court then inquired whether there was anything else, and
appellants stated they had no further requests.








Accordingly, we conclude that a
constitutional challenge was not properly raised in the trial court, and a
constitutional challenge not raised properly in the trial court is waived on
appeal.  See Wood v. Wood, 320
S.W.2d 807, 813 (Tex. 1959); Walker v. Employees Ret. Sys., 753 S.W.2d
796, 798 (Tex. App.BAustin 1988, writ denied).  Appellants= first issue is overruled.

                                                D.  Improper
Jury Argument

In their second issue, appellants contend
that appellees= appeal to race and national origin during closing argument constituted
improper jury argument that was incurable. 
Specifically, appellants challenge the reference to Carmen Morell Kenedy
as a Agood old Mexican gal@ and Alittle Mexicanita@ and a reference to Ahalf-Mexicans.@ 

Incurable reversible error occurs when any
attorney suggests, either openly or with subtlety and finesse, that a jury feel
solidarity with or animus toward a litigant or a witness because of race or
ethnicity.  Tex. Employers Ins. Ass=n v. Guerrero, 800 S.W.2d 859, 866 (Tex. App.BSan Antonio 1990, writ denied); see  Mission Res., Inc. v. Garza Energry Trust,
2005 Tex. App. LEXIS 3443, at *45-46 (Tex. App.BCorpus Christi May 5, 2005, no pet. h.) (Acourtroom strategies appealing to racial or
ethnic biases are highly improper and unfairly prejudicial@).  To
prove incurable jury argument, the complaining party must show (1) improper
argument was made; (2) that was not invited or provoked; (3) that was properly
preserved at trial, such as by objection, motion to instruct or motion for
mistrial; (4) error was not curable by instruction, prompt withdrawal of
statement, or reprimand by judge; and (5) argument, by nature, degree, and
extent, constituted reversible error based on examination of the entire record
to determine the argument's probable effect on a material finding.  See Standard Fire Ins. Co. v.
Reese, 584 S.W.2d 835, 839‑40 (Tex. 1979); Tex. Employers Ins.
Ass'n v. Puckett, 822 S.W.2d 133, 135 (Tex. App.BHouston [1st Dist.] 1991, writ denied).  








Appellees argue that none of the statements
made during closing argument constitute incurable jury argument and, moreover,
any statements made by appellees were provoked by appellants= own appeal to racial prejudice that began
during voir dire and continued throughout the trial.  We agree.

During voir dire, appellants questioned
jurors about Tejano history and referred to Dr. Andres Tijerina, a Tejano
historian, who would testify at trial. 
During opening argument, appellants referred to Carmen as a poor Mexican
girl who had her property stolen.  During
trial, appellants called Dr. Tijerina, who testified at length about the
adverse treatment of people of Mexican descent by people of Anglo heritage and
the unfair acquisition of land by Anglos from people of Mexican descent.  Appellants also presented testimony regarding
the use of the Texas Rangers by Captain King to murder people of Mexican
descent, steal their land, and use lawyers to fix the documents.  We conclude that such comments and evidence
invited or provoked the challenged argument. 
Appellees= argument was nothing more than an appeal to
the jury to disregard ethnicity, an issue first raised by appellants in this
case.[2]  Appellants second issue is overruled.

 








                                  E.  Disqualification
of Defense Counsel

In their third issue, appellants contend the
trial court erred by failing to disqualify attorney J. A. ATony@ Canales. 
Because appellants fail to (1) include any record references, (2) set
forth the law regarding the disqualification of attorneys, and (3) provide any
substantive analysis regarding this issue, we conclude this issue is
waived.  See Tex. R. App. P. 38.1(h) (AThe brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.@). 
Appellants= third issue is overruled.

                                                              F.  Jurisdiction

Despite their success in opposing appellees= plea to the jurisdiction, in their fourth
issue, appellants request A[o]ut of an abundance of caution and to
finally settle the parties= jurisdictional dispute . . . a ruling from
this Court stating which court properly may exercise subject matter
jurisdiction over this case. . . .@

In a plea to the jurisdiction, appellees
argued that the trial court lacked jurisdiction because appellants= claims constituted an impermissible
collateral attack on judgments issued by courts of competent jurisdiction.  However, we conclude that appellants= petition was not an attack on these
judgments.  Appellants= petition did not contest the validity of
Carmen=s or any other individual=s will, nor did it seek to set aside any
orders.  Rather, it sought to clarify
what interest Carmen held in the capital stock of Kenedy Pasture Company.  The admission of Carmen=s will to probate is irrelevant to
appellants= right to recovery or to the issues
presented by their petition.








Moreover, since appellants= petition did not seek to avoid the effect
of the court=s order, the action is not a collateral
attack.  See  Solomon, Lambert, Roth & Assoc. v. Kidd,
904 S.W.2d 896, 900 (Tex. App.BHouston [1st Dist.] 1995, no writ)
(collateral attack is one that attempts to avoid effect of judgment in
proceeding brought for some other purpose and seeks to show original judgment
is void).  Appellants= fourth issue is overruled.

                                                    G.  Adverse
Possession

In their fifth issue, appellants contend the
jury=s favorable finding on appellees= affirmative defense of adverse possession
establishes that appellants had a Apresent possessory interest in real
property.@ 
Therefore, appellants argue, this Court should render judgment for
appellants for no less than one-fourth of all property interests and proceeds
claimed by appellees.  Appellants make
this argument even though the jury found unanimously in favor of appellees,
answering Ano@ to all liability questions.

An affirmative defense is by its nature
"one of confession and avoidance" which seeks to establish an
independent reason why the plaintiff should not prevail.  Tex. Beef Cattle Co. v. Green, 921 S.W.2d
203, 212 (Tex. 1996).  However,
establishing an affirmative defense in no way relieves the plaintiff from
proving the elements of his claim.  If we
were to accept appellants= argument that a finding of an element of an
affirmative defense avoiding liability implicitly establishes the liability the
defense seeks to avoid, we believe it would nullify the function of affirmative
defenses.  Accordingly, appellants= fifth issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
16th day of June, 2005.











[1] At oral argument, appellants argued, for the first
time, that the judgment does not adjudicate the rights of the Attorney General
of the State of Texas.  This argument was
not briefed, and a new issue may not be presented for the first time at oral
argument. See Tex. R. App. P.
38.1(e), 39.2; see also Vawter v. Garvey, 786 S.W.2d 263, 264 (Tex.
1990); In the Interest of C.A.K., 155 S.W.3d 554, 562 n.5 (Tex. App.BSan
Antonio 2004, pet. filed).

 





[2] During closing argument, appellees=
counsel, J. A. ATony@ Canales, argued:

 

This is a classic lawsuit abuse case, let me tell you
right now.  I am telling you.  It is B they are doing nothing else but trying to squeeze
money out of us.  Why?  Because 105 years ago one of their relatives,
one of their relatives was an heir? 
Because they came over from Mexico, all of a sudden, because the
politics of South Texas has changed and we now have a majority of Hispanic
jurors?  Do you know, just because you
happen to be of Mexican descent doesn=t mean you are going to rule for somebody just for
that.  We are Americans; right?  You told me B you promised me when we started this case, you are
going to call it the way it is.  I said
in the beginning, this is not a case about a bunch of Rangers coming and
killing a bunch of Mexicans and taking their property away.  Remember I said that?  Is this what this case is about?