## H. W. Moore v. W. M. Woodson et al.

### Decided February 9, 1909.

1.—Res Adjudicata—Decree in Probate Against Administrators in Favor of one Administrator as Heir—Reservation of Equities.

A decree of the Probate Court ordering distribution and closing the administration, adjudging one of the two administrators to be entitled to a certain sum as an heir, and directing the administrators to pay said sum but declaring that such decree should not affect in any manner any claim, demand, equity or right which either administrator might have against the other as such in or concerning any matter growing out of or resulting from the administration, nor be a bar to any claim, demand or right that might thereafter be asserted by either in any suit between them, only fixed the interest of such heir in the estate as against the other heirs, and was not a conclusive adjudication of his right to recover one-half of the sum against his co-administrator.

2.—Damages—Estoppel—Participation in Wrongful Act.

One cannot recover damages for a wrongful act in which he actively participates without being induced so to do by fraud or misrepresentation.

3.—Same—Administrators—Joint Wrongdoers.

Where one administrator acted with his co-administrator in the sale of certain bonds belonging to the estate, he could not as heir recover from such co-administrator for loss occasioned him as heir because of the wrongful sale of said bonds for less than their reasonable value.

Appeal from the County Court of Houston County. Tried below before Hon. John Spence.

*Adams & Adams,* for appellant.

*Moore & Sallas,* for appellee G. W. Woodson.

PLEASANTS, Chief Justice.—This suit was brought by W. M. Woodson and others, heirs of J. J. Woodson, deceased, against H. W. Moore and G. W. Woodson, administrators of the estate of J. J. Woodson, and the sureties upon their bond as administrators, to recover a balance of $381.79 claimed to be due plaintiffs by said administrators, with ten percent per month thereon as statutory damages. The defendant Moore, by his answer, denied his liability for more than $71.84 of the amount claimed by plaintiffs, which amount he tendered into court and asked that he be not required to pay any additional portion of the amount claimed by plaintiffs, and that his co-defendant, G. W. Woodson, be enjoined from seeking to collect as an heir of J. J. Woodson any part of a judgment for $3,000 recovered against the said Woodson and Moore as administrators of said estate, in favor of the estate for damages for the wrongful sale by said ad-

ministrators of certain bonds belonging to said estate for less than their reasonable value.

The defendant G. W. Woodson answered plaintiff's suit by general demurrer and general denial and, as against his codefendant Moore, he alleged that by the order of the Probate Court of Houston County approving the final account of himself and his co-defendant and ordering a distribution of said estate, he was adjudged to be entitled to receive as an heir of said estate the sum of $829.94 to be paid by said administrators; that he had received no part of said sum and that his codefendant Moore was liable to him for one-half of said amount, for which he prays judgment.

The cause was tried without a jury and judgment was rendered in favor of plaintiffs against both defendants and the sureties on their bond for the sum of $309.95, with damages at ten percent per month from October 30, 1907, and against defendant Moore and said sureties for the further sum of $71.84, with damages at ten percent per month from date of the judgment. It was further adjudged that in case either of said defendants should pay more than his one-half of the total amount due by them as administrators to the plaintiffs herein, as shown by the judgment of the probate court fixing the amount due by them to said plaintiffs, that such defendant should recover and have judgment against his codefendant for the excess so paid by him, for which he should have his execution. It was further adjudged that the defendant G. W. Woodson was entitled as an heir of J. J. Woodson, deceased, to receive from said estate the sum of $829.94, which amount had been adjudged to him by the final decree in said estate before mentioned, and that he was entitled to recover of his coadministrator, Moore, one-half of said amount, or the sum of $414.97, and it was therefore ordered, adjudged and decreed by the court that the said G. W. Woodson do have and recover of the defendant, H. W. Moore, and the sureties before mentioned, the said sum of $414.97, with legal interest from the date of the judgment. From this judgment the defendant H. W. Moore prosecutes this appeal.

The evidence in the record shows that H. W. Moore and G. W. Woodson were duly appointed administrators of the estate of J. J. Woodson, deceased, and as such took charge of and administered said estate under the direction of the Probate Court of Houston County. The other defendants named in the petition were sureties upon the bond of said administrators, and against whom judgment was rendered as such sureties upon said bond. W. M. Woodson and the other plaintiffs in this suit are the heirs of J. J. Woodson, and the defendant G. W. Woodson is also an heir, and as such is entitled to one-fifth of the estate. Among the assets of said estate were certain railroad bonds which were sold by the administrators under an order of the Probate Court to A. L. Keen, son-in-law of the defendant G. W. Woodson, at a price much less than their real value. The heirs of J. J. Woodson, other than the defendant G. W. Woodson, brought suit against the administrators to recover for said estate the difference between the amount received by the administrators for said bonds and their reasonable value. This suit resulted in a judgment in favor of plaintiffs for $3,076.30. The judgment in said cause was affirmed by

this court upon appeal of the administrators, and upon return of the mandate to the District Court of Houston County was certified to the Probate Court for observance. Thereafter the administrators filed their final account in the Probate Court and asked for an order approving same, distributing the balance of the estate in their hands, and closing said administration. Upon this application the Probate Court entered an order fixing the interest of each of the heirs in the balance of said estate then in the hands of the administrators and ordering the administrators to pay to the heirs the several amounts to which they were adjudged entitled. The recitals of this order show that in fixing the several amounts to which the heirs were entitled the judgment for $3,076.30, before mentioned, was considered as an asset of said estate. The interest of the heirs of J. J. Woodson, other than G. W. Woodson, in the balance of the estate in the hands of the administrators as fixed by their order was $1,819.80, which amount was ordered paid to them by the administrators. The interest of G. W. Woodson, as an heir of J. J. Woodson, in said balance of the estate, was adjudged to be $829.94, which amount the "administrators" were directed "to pay over and deliver" to him. This order or decree adjusted the equities between the various heirs and confirms agreement previously made between them as to property theretofore delivered to them by the administrators. It also contained the following: "And it is further ordered, adjudged and decreed by the court that this judgment shall not affect, in any manner, any claim, demand, equity, or right which either administrator may have against the other, as such, in or concerning any matter or transaction growing out of or resulting from the administration of said estate, nor shall it affect any claim, demand, equities or right which the said H. W. Moore may have against the said G. W. Woodson as an heir of this estate, and this judgment shall not be a bar thereto, and any such claim, demand, equity or right may be prosecuted or defended in any suit whatever. Nor shall anything in this judgment be construed so as to preclude or bar any of the said four sets of heirs from enforcing in any court of competent jurisdiction the collection and payment of their said shares or any part thereof against the said administrators or their sureties in the event they should not pay the same as hereinbefore directed."

The amount claimed and recovered in this suit is the unpaid balance of the $1,819.80 which was ordered paid them by the Probate Court in the final decree above mentioned. One-half of said $1,819.80, less the $71.84 tendered by appellant upon trial, had been paid plaintiffs by him prior to the institution of this suit.

From the conclusions of fact and law filed by the trial court it appears that the judgment in favor of G. W. Woodson against the appellant Moore for $414.97 is based upon his conclusion of law that the judgment of the Probate Court fixing the interest of G. W. Woodson in said estate at $829.94 and ordering same paid to him by the administrators, "is final and conclusive of all matters between H. W. Moore and G. W. Woodson, and is *res adjudicata,* and that this court can not again adjudicate the things and matters adjudicated in the said judgment and decree." This conclusion of the trial court is assailed by appellant's first assignment of error, and we think the as-

signment should be sustained. If the decree had stopped with the adjudication of the amount of G. W. Woodson's interest in the estate and directing that same "be paid over and delivered to him" by the administrators, however unjust and inequitable it might be to require the coadministrator, Moore, to make good to Woodson one-half of the loss sustained by him as heir by reason of his wrongful act as administrator in the sale of the property of the estate to his son-in-law for less than its value, there having been no appeal from said decree, it would be *res adjudicata* of all issues between the parties to the proceedings in which it was rendered which were raised by the pleadings in said proceeding, and appellant could not be heard to say in this suit that he did not owe said Woodson one-half of the amount adjudged by said decree to be due him by the administrators of said estate. But the decree does not stop with this adjudication and, in the language before quoted, expressly declares that the rights and equities of the administrators between themselves concerning any matters growing out of or resulting from the administration of said estate shall not be affected in any manner by said decree, and that said decree shall not be a bar to any claim, demand, equity or right that may be thereafter asserted by either in any suit between them. We think it clear that the decree considered as a whole was not an adjudication of the rights of the administrators as between themselves, but that the final determination of the rights and equities of the administrators against each other was expressly reserved from adjudication by said decree. (Converse v. Davis, 90 Texas, 466.) The recital in the decree that G. W. Woodson was entitled to recover $829.80 out of the balance of the estate in the hands of the administrators, to be paid by said administrators, when taken in connection with other portions of the decree above quoted must be regarded only as fixing his interest in the estate as against the other heirs, and not as a conclusive adjudication of his right to recover one-half of that amount against his coadministrator.

The second assignment of error assails the judgment on the ground that appellee G. W. Woodson was not entitled to recover against appellant any part of his interest as an heir of J. J. Woodson in the judgment for $3,076.30 rendered against the administrators in favor of said estate for the wrongful sale by them of railroad bonds belonging to the estate for less than their reasonable value. As before shown, G. W. Woodson acted with the appellant in the sale of said bonds, and to permit him as an heir to recover from appellant any part of the loss occasioned him as such heir by said wrongful sale would, we think, be manifestly inequitable. If G. W. Woodson was the only heir of said J. J. Woodson, it goes without saying that having, as joint administrator with appellant, actively participated in the sale of said bonds and knowing the price at which they were sold, he would be estopped from claiming any damages against appellant because of the inadequacy of such price, and the fact that other heirs in a suit against the administrators obtained a judgment fixing their liability to the estate for said wrongful sale, can give appellee Woodson no greater right in the judgment thus obtained than he would otherwise have against his coadministrator.

The exact question has not, as far as we have been able to ascertain, been decided by the higher courts of this State, but the proposition that one can not recover damages for an act in which he actively participates, without being induced so to do by fraud or misrepresentation, is elementary. The question was directly decided in the case of Hiller v. Ladd, 85 Fed. Rep., 703. In that case the widow of a testator sought to hold her coexecutor liable for a loss resulting to her by a sale of property of the estate without an order of the Probate Court, and the court held that, having acquiesced in the sale, she could not hold her coexecutor liable for any loss resulting to her interest as legatee. It follows from these conclusions that the judgment of the court below in favor of G. W. Woodson against appellant should be reversed.

It is clear from the record that at least a portion of said judgment was for the loss of said Woodson's interest in the estate occasioned by the wrongful sale of said bonds, but it is not clear how much of the amount of said judgment was awarded him as compensation for said loss, and therefore we can not render the proper judgment in this court. The judgment in favor of the plaintiffs in the court below against appellant and appellee, G. W. Woodson, and the sureties upon their administrators' bond, is not complained of by any assignment, and is therefore affirmed. The judgment as between appellant and appellee G. W. Woodson is reversed and remanded for a settlement of the equities between them in accordance with the views before expressed as applied to the facts that may be developed upon another trial.

*Affirmed in part and reversed and remanded in part.*