### BEAUMONT IRRIGATING COMPANY v. A. DELAUNE.

#### No. 2415.    Decided November 17, 1915.

**1.—Res Adjudicata.**

Where the pleadings upon which trial was had put in issue a party's right
to recover upon two causes of action or defense, and the judgment awards him
a recovery upon one but is silent upon the other, such judgment is prima facie
an adjudication that he was not entitled to recover upon the other.    Rackley v.
Fowlkes, 89 Texas, 613, followed.    (Pp. 384, 385.)

**2.—Same—Action for Land—Rents—Improvements—Case Stated.**

A plaintiff sued for recovery of land and for rents during dispossession.
Defendant plead improvements made to the property.    His plea was read to the
jury, but no evidence was offered to support it.    He recovered judgment as to
the land itself; but on appeal this was reversed and judgment rendered for the
plaintiff for the land and for the rents, which had been determined by the find-
ings on the trial.    Both judgments were silent as to defendant's claim for im-
provements.    In a subsequent action the same plaintiff sought to recover from
the same defendant rents for the period between the date of the former trial
and that of the surrender of the premises,—nearly two years.    To this defendant
interposed a plea claiming for the same improvements pleaded in the former
action and plaintiff replied by a plea of former adjudication thereon.    Held:

1.    That the matter of defendant's claim for improvements was adjudicated
against him in the former suit.

2.    The action of the appellate court in the former trial in overruling a

motion for rehearing by defendant (appellee) asking that the case be remanded to permit him to present his claim for improvements was not a refusal to pass upon that issue. Having failed to offer proof on the trial he had no right to demand to be again heard thereon and his claim remained res adjudicata. (Pp. 382-385.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

*Lipscomb, Gordon & Lipscomb,* for appellant.—Where plaintiff's cause of action is for a newly accrued part of a continuing damage resulting from wrongful entry upon and continued withholding of land, the mere pleading of improvements in a preceding action for the said damages does not estop defendant from again urging them in the new action by plaintiff for additional rents, where it is clear that they were not considered in arriving at the figures on which the judgment in the former suit was based. Art. 5277, Rev. Stats. of Texas; 21 Encyc. of Pl. & Pr., pp. 66, 78 and 52, and notes; Beach's Mod. Eq., sec. 503; Story's Eq. Pl., sec. 338; Adams Eq., p. 415.

In support of a motion for rehearing in the Supreme Court, which was overruled, counsel cited: 24 Am. & Eng. Encyc. of Law, 776; Russell v. Place, 94 U. S., 606; Washington G. L. Co. v. District of Columbia, 161 U. S., 316; Nashua R. R. Corp. v. Boston R. R. Corp., 164 Mass., 222, 49 Am. St., 457.

*J. D. Martin,* for appellee.—Cited: Rackley v. Fowlkes, 89 Texas, 613; Moore v. Snowball, 98 Texas, 20.

MR. JUSTICE YANTIS delivered the opinion of the court.

This case is here on certified questions from the Court of Civil Appeals for the First District. The statement of the Court of Civil Appeals, and the questions certified are as follows:

"The above case is now pending in this court on motion for rehearing from a judgment affirming the judgment of the trial court. We have grave doubts is to the correctness of our decision of the most important question in the case, and we deem it proper to certify the question involved to your Honorable Court for decision.

"The facts are as follows: In a previous case to the present one, A. Delaune sued the Beaumont Irrigating Company in trespass to try title for a tract of land in Jefferson County. Among other defenses pleaded by the defendant was a plea of improvements in good faith on the land sued for, setting out a proper statement of the same and their value alleged to be $3400.00. Defendant prayed that if plaintiff recovered judgment for the land it have judgment for the value of said improvements. The plea was read to the jury and was not in any way withdrawn nor dismissed, but no evidence was introduced in support of it. In that suit judgment was rendered in favor of defendant, the Beaumont Irrigating Company, for the land sued for. The judgment was silent as to the claim for improvements. Upon appeal to

this court this judgment was reversed and judgment rendered in favor of plaintiff, A. Delaune, for the land. As the trial court, in its conclusions of fact, had found that the rents of the land up to the date of the trial in the District Court was $1950.00, this court also rendered judgment against the defendant for this amount as the rents to which plaintiff was entitled up to the date of the judgment of the District Court, to-wit, October 8, 1908. (Delaune v. Beaumont Irrigating Company, 128 S. W., 174). This judgment is also silent as to the claim for improvements.

"The record in this case is silent upon the matter, but an examination of the papers in the first case referred to, the trespass to try title suit, discloses that in a motion for rehearing filed in this court the Beaumont Irrigating Company, against which the judgment was rendered by this court, sought among other things to have the cause remanded in order that it might have the issue tried as to its claim for improvements.

"The Irrigating Company paid the amount of the judgment for rents, but did not surrender the possession of the premises until August 23, 1910. A. Delaune thereupon instituted this suit to recover rents from the date of the judgment of the District Court up to the date of the surrender of the premises, alleging the amount to be $755.00. Among other defenses urged by defendant to this suit, it pleaded in offset and reconvention to plaintiff's demands the value of permanent and valuable improvements made by it on the land, alleged to amount to $2200.00. The improvements referred to in this plea are the same set up by defendant in the former suit for the land. To this plea the plaintiff answered that the matter had been adjudicated by the former judgment. The facts as to this being, as we have stated, that in the former suit the answer setting up the claim for improvements was read to the jury and was not dismissed nor withdrawn, but no evidence was offered in support of it, and the judgment is silent as to this claim. The trial court in the present case sustained appellee's plea of *res adjudicata* to appellant's claim in the present suit. In our decision affirming the judgment of the trial court this holding was approved. Upon this motion for rehearing one of the members of this court, dissenting from the conclusions of the majority, is of the opinion that this holding is erroneous.

"Upon these facts we respectfully certify to your Honorable Court the following questions:

"First. Could the appellant, the Irrigation Company, in this suit for rents set off the value of the improvements made by it on the land?

"Second. Did the trial court err in holding that the judgment in the former trespass to try title suit was *res adjudicata* of the claim for the value of the improvements set up, as set-off or counterclaim, by appellant in this action for rents?"

We will address ourselves first to the second question certified, as

an answer to this question, in the view we take of it, necessarily renders an answer to the first question immaterial.

The plea of set-off or counterclaim for valuable improvements which was entered in the trespass to try title suit was the same cause of action which is pleaded by the appellant in this suit for rent. Having placed it in issue by proper pleading in the previous suit, it would appear that the plea of *res adjudicata* would be a complete bar to another adjudication thereof, for it is well settled, and can not now be controverted, that the judgment or decree of a court, having jurisdiction over the parties and the subject matter of the litigation is final between the parties to the suit covering the cause of action alleged. Such judgment or decree is also final as to all questions involving the same cause of action and the defenses thereto which the parties to the suit might have had adjudicated therein.

It is true that the cause of action alleged by the plaintiff Delaune, in the trespass to try title suit was different from the one alleged by him in the suit for rents in the instant case, but the plea of set-off for valuable improvements which was made by the Beaumont Irrigating Company, defendant in said trespass to try title suit, constitutes the same cause of action in its behalf in this suit for rents which it pleaded in the trespass to try title suit. Having filed and presented its pleading in the trespass to try title suit, and not having withdrawn it, although no evidence was introduced thereon, it is presumed that the issue made by this pleading was adjudicated in the trespass to try title suit. There being no contention that the issue was withdrawn, or that the trial court refused to decide it, the plea of *res adjudicata* constitutes a complete defense to such claim in the instant case, notwithstanding the judgment in the trespass to try title suit is silent as to the action of the court on said plea for valuable improvements. Nor do we think the fact that the motion for rehearing by the Beaumont Irrigating Company, requesting the case to be remanded for another trial in order to afford another opportunity to make proof of the value of the improvements would change the rule. It is true that if the trial court had refused to decide the issue of valuable improvements, then its judgment would not be in bar of another suit covering the same issue, for the reason that the issue had not been in fact adjudicated. But it does not follow that the action of the Court of Civil Appeals in rendering the case instead of remanding it amounts to a refusal to try the issue. It does not have such legal effect. The Court of Civil Appeals probably had discretionary power to remand the case for such purpose, but it had the clear right to refuse to do so, since there was no evidence before it in support of such issue. The Beaumont Irrigating Company having refused, failed or neglected to offer proof in support of such issue in the trial court, it was not in a position to demand that the Court of Civil Appeals order a new trial in its favor to afford it another opportunity to introduce evidence on the issue, when it had permitted one such opportunity to pass without offering

evidence in its support.   In overruling the motion for rehearing and in thereby refusing a new trial for such purpose the Court of Civil Appeals acted clearly within its legal rights.   Hence it can not be successfully contended that its action amounts to a refusal of the court to adjudicate the issue of valuable improvements.

Almost the identical question was before this court in the case of Rackley v. Fowlkes, 89 Texas, 613, 36 S. W., 77, in which case the court said:

"The proposition seems to be sound in principle and well supported by authority that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

The holding in that case is conclusive of the second question certified in this case.   For the reasons indicated we answer the second question in the negative.

Since our holding upon the second question sustains the plea of *res adjudicata* it is in no way necessary that we answer the first question certified.