**SLIDER v. HOUSE et al.  (No. 3045.)**

(Court of Civil Appeals of Texas. Texarkana. April 16, 1925. Rehearing Denied April 23, 1925.)

1. **Appeal and error ⬀395, 430(1)—Judgment against plaintiffs not reviewed as to one who did not give notice of appeal or file appeal bond.**

Judgment rendered against plaintiffs cannot be reviewed as to the one who did not give notice of appeal or file appeal bond.

2. **Limitation of actions ⬀39(12)—Petition to recover title not subject to 4-year limitation.**

Petition to recover legal title and remove a cloud cast by certain deeds and alleged void judgment is not subject to 4-year limitation.

3. **Courts ⬀155—Title to and liens on real estate properly tried in district court.**

District court is proper court to try suit involving liens on and title to real estate.

4. **Judgment ⬀461(1), 713(2)—Conclusive as to issues tried or which might have been tried.**

Judgment is conclusive as to all issues actually tried and which might have been tried, and unless negatived by petition to reopen and set it aside, it will be presumed supported by the evidence.

5. **Judgment ⬀460(4)—Judgment foreclosing mortgage on homestead not set aside without allegation of illegality in procuring it.**

Judgment foreclosing mortgage on homestead could not be reopened and set aside on mere ground that judgment was contrary to and without legal evidence to support it, because

mortgage was void as covering homestead, in absence of any allegation of illegality or fraud in procuring it.

6. **Judgment ⬀460(4)—Petition to recover legal title, setting up foreclosure judgment but not alleging fraud in procuring it, demurrable.**

Petition to recover legal title attacking judgment foreclosing mortgage as invalid because property was homestead, but not alleging such fact was collusively withheld from court, *held* insufficient against general demurrer.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by Julia Slider and another against Ellis P. House and others. Judgment for defendants, and plaintiff named appeals. Affirmed.

Clark & Clark and J. C. Patton, all of Dallas, for appellant.

J. C. Patton, of Dallas, for appellee H. C. Wilson.

House & Wilson, of Dallas, for other appellees.

LEVY, J.  The appellant and Harry Wilson, one of the appellees, sued Mr. Ellis P. House to recover the title and to remove the cloud upon the title to lots Nos. 11 and 12 in block 32 of the South Park Addition to the city of Dallas. The court sustained a general demurrer to the petition, and the appellant seeks to have the ruling reviewed on appeal.

[1] Harry Wilson, as shown by the record, did not give notice of appeal, and has not filed an appeal bond. As a consequence the appellate court is without jurisdiction to review, on his complaint, the judgment rendered against him. Wright v. Bott (Tex. Civ. App.) 163 S. W. 360; Russell v. Koennecke (Tex. Civ. App.) 190 S. W. 253.

[2] The petition on its face is essentially a suit to recover the legal title to the land, and to remove, after setting out the nature of the transactions, the cloud cast upon the title by certain deeds and an alleged void judgment. Therefore, as an action for the recovery of real estate, the statute of limitation of 4 years, if the demurrer was sustained upon that ground, is not applicable. Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815; Brown v. Fleming (Tex. Com. App.) 212 S. W. 483. And the attack on the deeds, considering the specially alleged facts, under which the appellee held apparent title to the lots, was sufficient legal pleading as against a general demurrer. It was alleged that the conveyance of the lots by the deed, though absolute on its face, was in fact a mortgage of the homestead to secure the payment of an ordinary debt, and which was known and agreed to be so at the time by

the parties thereto. The pleading, though, went further, and distinctly set up a certain judgment formerly rendered against the appellant which until and unless set aside was conclusive of any right in appellant to assert the invalidity of the deeds and the claim of homestead. The alleged judgment of the district court divested out of appellant all the title and interest in the lots, and vested same absolutely in another person, and under whom the appellee is alleged to claim the title. The petition in that respect alleges as follows:

"Plaintiffs show that the city of Dallas filed suit against Mrs. Julia Slider and Mrs. M. J. B. Pryor on September 22, 1913, to foreclose a street-paving lien for $250 and interest on said property, in this the Sixty-Eighth judicial district court of Dallas county, Texas, that the Texas Bitulithic Company intervened to recover for the street paving, that Mrs. Pryor answered and filed a cross-bill against Mrs. Slider for title and possession of the property. A trial was had on September 19, 1918, and which resulted in a judgment of foreclosure (of lien) and of said sum, in favor of the intervener, the Texas Bitulithic Company, and which judgment remains unpaid, and no foreclosure has been attempted on account of the property being Mrs. Slider's homestead, that Mrs. Pryor recovered judgment over against Mrs. Slider for her right, title, and interest in the property, that the defendant is wrongfully and unlawfully pleading said judgment in favor of Mrs. Pryor against Mrs. Slider in bar of and as res adjudicata of the right, title, and interest to the lots of the plaintiff Harry Wilson as well as the plaintiff herein, Mrs. Slider, that the defendant has no legal right, and is estopped from pleading said deed and judgment thereon, because the deed from Mrs. Slider was in fact a mortgage of her homestead and was and is void, and because, the deed being void, the judgment rendered thereon is void for want of any legal evidence; and to allow defendant to plead the same in bar of this suit would constitute a legal fraud, enabling defendant to acquire the homestead in law fraudulently. Wherefore, premises considered, plaintiffs pray, etc., that upon the trial the said judgment be reviewed, set aside, and vacated," etc.

[3] As seen, the attack on the judgment is in the nature of a direct proceeding to have the same reopened and set aside as void and ineffectual. Therefore the ruling of the court sustaining a general demurrer must be determined from the standpoint of whether or not the facts specially alleged having relation to the judgment pleaded were grounds legally sufficient to authorize the court to reopen the judgment and vacate it as invalid and ineffectual. If so, then a complete estoppel would exist against any claim under it by the appellee. But if not, then, as a consequence, it would affirmatively appear from the face of the petition that the appellant has not either legal or equitable title in the lots, and therefore the demurrer was properly sustained. According to the allegations, the judgment could not be set aside because of the lack of power of the court to try the case, or for want of jurisdiction over the parties interested. The suit was in the district court, which is the proper court to try suits involving liens on and the title of real estate, and the land was situated and the parties resided in the county where the suit was brought. The sole grounds alleged and relied on to reopen the case were that the property was in fact the homestead of Mrs. Slider, and—

"the deed from Mrs. Slider (under which the plaintiff in that suit held title) was in fact a mortgage of her homestead (for an ordinary debt) and was and is void, and because the deed being void the judgment rendered thereon is void for want of any legal evidence."

[4-6] Stated in other words, as a ground for reopening the judgment, the judgment in that suit was contrary to and without legal evidence to support it. It is undoubtedly correct that an attempted mortgage of a homestead by means of a deed is declared by the Constitution to be void at its inception. The cases so declaring are numerous, and the rule firmly settled. And had that defense been made in that suit, and such facts conclusively appeared, the court would have erred in rendering a contrary judgment. As a complete remedy the defendant, on appeal, could have successfully assigned error on the ground that such judgment was contrary to and unsupported by legal evidence. But in a direct proceeding at some subsequent term to review and reopen a judgment, certain fixed rules are applicable, and by which the courts are to be governed. In such proceeding it must appear by the allegations of the petition, sufficient as against a general demurrer, that such grounds exist for legally reopening the judgment as may be invoked against the conclusiveness of final judgments that the law presumes in the absence of fraud or mistake. It must appear that there is legal invalidity of the judgment for want of jurisdiction either of the person or of the subject-matter, or of the question determined, and to give the particular relief granted, rendering the judgment void, as distinguished from being merely voidable or erroneous. An affirmative judgment for a plaintiff is authorized where justified by the pleadings and proof, and, unless negatived by the petition for review, the court will presume that the evidence supported the judgment rendered. It is the settled rule that a judgment is not only conclusive as to all issues which the parties actually tried, but of all issues which they might have tried. Nichols v. Dibrell, 61 Tex. 539; Beaumont Irr. Co. v. De Laune, 107 Tex. 381, 180 S. W. 98; Pickford v. Talbott, 225 U. S. 651, 32 S. Ct. 687, 56 L. Ed. 1240. In this case the issue of homestead or not, and the issue of the conveyance being in fact a deed or a mortgage, might have been tried under the alleged

pleading of a "cross-bill for title and possession of the property." If such issue was tried and found against Mrs. Slider it was not again a subject-matter of retrial at some subsequent term of court. It was not alleged that it was not made an issue and submitted to the court for decision, and neither the trial court nor this court could indulge the presumption that it was not. It is not alleged that the judgment was obtained through fraudulent collusion. In the absence, as here, of an allegation that the true fact of the deed being only a mortgage of the homestead was intentionally withheld from and not submitted to the court for consideration, so as to perpetrate a legal fraud and accomplish by judgment what the Constitution forbids by voluntary conveyance, the petition was insufficient pleading as against a general demurrer.

It was held by this court that relief in a suit like this could be granted where it affirmatively and conclusively appeared that the parties collusively and intentionally withheld from the court trying the case the true facts that the land was a homestead and that the conveyance was in fact only an ordinary mortgage. Chapman v. Clark (Tex. Civ. App.) 262 S. W. 161. "To hold otherwise," quoting from that case, "it seemed to us, would be to ignore the inhibition in the Constitution against creating a lien on the homestead (except for purposes specified * * *) and the declaration therein that 'all pretended sales of the homestead involving any condition of defeasance shall be void.' We * * * do not think it ought to be held that the parties could use the courts as a means to accomplish what the Constitution denounced, and by a judgment validate void transactions they had engaged in. If the rule as to the conclusiveness of judgments applied in ordinary cases can be invoked in this kind of a case, the inhibition in the Constitution intended to protect the homestead from sale for indebtedness of its owner cannot be relied upon to always accomplish its purpose."

The instant case would not be ruled by that case, since it does not appear by the allegations of the petition to be within its terms.

The judgment is, affirmed.