## BOARD OF TRUSTEES OF ST. JO INDEPENDENT SCHOOL DIST. v. REDMAN.

### No. 13153.

Court of Civil Appeals of Texas. Fort Worth.

April 26, 1935.

Rehearing Granted June 14, 1935.

T. H. Yarbrough and Homer B. Latham, both of Bowie, for appellant.

Donald & Donald, of Bowie, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment restoring appellee to the office of superintendent of the public schools of the independent school district of St. Jo, from which office appellee had been discharged by appellant.

Since such discharge and the local appeals therefrom, a school board election has been held in the St. Jo district and sufficient members of the board which discharged appellee were replaced by new members to overturn the action of the former board. Redman has been restored to his office and is now the elected, qualified, and acting superintendent, and the appellant board as now constituted does not wish the judgment of the trial court to be reversed. This is conceded by counsel on both sides in open court. The whole issue before us is moot.

Counsel for both sides insist that we pass on the merits of the case upon the theory that the judgment in this cause will be res adjudicata of the right of appellant's attorney to his fees and of the appellee to his salary during the period he was discharged. We do not believe so. The issue of appellee's salary was not before the trial court. We expressly omit that issue from this decision, and decline to pass on it in this appeal. Res adjudicata means a thing decided. That thing is not decided. Beaumont Irrigating Co. v. Delaune, 107 Tex. 381, 180 S. W. 98; Williams v. Wiley, 96 Tex. 148, 71 S. W. 12; Moore v. Woodson, 53 Tex. Civ. App. 588, 116 S. W. 608.

The appeal is dismissed.

### On Motion for Rehearing.

We were in error in ordering only that the appeal be dismissed. This would leave the judgment of the district court, we think, unchallenged. When the question of Redman's right to continue as a teacher became moot, then not only the appeal to this court but the entire cause from its incipiency must be dismissed. McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Danciger Oil & Refining Co. v. Railroad Commission of Texas, 122 Tex. 243, 56

S.W.(2d) 1075; Spratling v. Smith (Tex. Civ. App.) 68 S.W.(2d) 278.

The motion for rehearing is, therefore, granted. Our judgment dismissing the appeal only is set aside and the entire cause ordered dismissed.