## FIDELITY & DEPOSIT CO. OF MARY-LAND v. CITIZENS NAT. BANK OF LUBBOCK.

### No. 4907.

Court of Civil Appeals of Texas. Amarillo.
Sept. 12, 1938.

Rehearing Denied Oct. 10, 1938.

Albert B. Hall, of Dallas, for appellant.
E. L. Klett, of Lubbock, for appellee.

JACKSON, Chief Justice.

The record discloses that in 1924 and 1925, as well as prior and subsequent thereto, J. R. Germany was City Tax Collector and City Secretary of the City of Lubbock, a municipal corporation; that on or about August 13, 1923, the Fidelity and Deposit Company of Maryland executed and delivered to the City its bond in writing wherein it agreed to pay the City for any loss of moneys, securities or personal property not exceeding $10,000 resulting from any fraud, dishonesty, larceny, embezzlement, forgery, misappropriation, wrongful abstraction or wilful misapplication of the funds of the City by J. R. Germany.

On April 13, 1926 the City of Lubbock instituted suit, Cause No. 2521, in the District Court of Lubbock County, and in an amended petition thereafter filed on September 27th, sought to recover against J. R. Germany the sum of $20,000 for his alleged defalcation and to recover against his surety, the Fidelity and Deposit Company of Maryland, a part of such sum rep-

resented by specific items evidenced by certain warrants and checks. The warrants and checks on which recovery was sought against the Fidelity and Deposit Company were alleged to aggregate $9,951.08.

During the period covering the defalcation asserted, the Citizens National Bank of Lubbock was the depository for the City of Lubbock and executed a bond in substantial compliance with the statute, conditioned, among other things, that the bank should pay all orders, warrants, checks and drafts drawn by the City on its several funds when presented, provided the City had such funds to its credit in the bank.

The Fidelity and Deposit Company in the suit, Cause No. 2521, in addition to answering the suit of the City on the bond, in its first amended original petition filed on August 25, 1927, urged a cross-action against the Citizens National Bank, alleging in substance that the loss complained of by the City included $8,500 deposited by the City in said bank as the depository thereof; that said amount had not been withdrawn but was intact in the depository bank, but if mistaken with reference to said amount not having been withdrawn, then in the alternative the Fidelity and Deposit Company pleaded that such amount was not legally withdrawn by warrants or checks authorized by the City and signed by the Mayor and attested by the Secretary, and said amount was wrongfully appropriated by the bank to pay obligations due it by J. R. Germany; that the details of these transactions are unknown to the Fidelity and Deposit Company but were known to the plaintiff and the bank and they were notified to produce the books and written instruments evidencing these transactions.

In reply to this cross-action of the surety, the bank filed its plea in abatement which was sustained by the court and the bank dismissed from the suit but such dismissal was without prejudice.

On January 15, 1928, in Cause No. 2521, the City of Lubbock recovered from J. R. Germany as principal and the Fidelity and Deposit Company of Maryland as surety the sum of $8,000 with interest thereon at the rate of 6% per annum from the date thereof until paid and costs of suit. This judgment was duly recorded in the minutes of the court and the Fidelity and Deposit Company paid to the City of Lubbock the sum of $8,107.25 on February 25, 1928 in discharge and satisfaction of such judgment.

On June 7, 1928 the Fidelity and Deposit Company, appellant, instituted this suit in the District Court of Lubbock County against the Citizens National Bank of Lubbock, appellee, to recover the amount the surety company had paid to the City in satisfaction of the judgment obtained against it for the defalcation of J. R. Germany. The appellant alleged the defalcation, the suit of the City against it and its principal, the judgment obtained, and the payment thereof; that the funds misappropriated had been illegally withdrawn from the appellee, the depository of the City of Lubbock which honored the warrants, charged the same to the account of the City, appropriated the funds evidenced thereby to pay obligations due it by J. R. Germany, aided and assisted him in misapplying the sum of $8,500, and thereby participated in the breach of trust which caused the City to sustain a loss, and on account thereof, the appellant was held liable to and paid the City such loss and was subrogated to the right of said City against appellee. The appellant thereafter, March 28, 1932, filed an amended petition, set up in detail the liability of appellee for the breach of trust and in addition, pleaded that the bank had executed to the city a depository bond, its liability to appellant thereon, but prayed for a recovery against appellee only, never having made any of the bondsmen on the bank's depository bond parties to the suit.

On April 26, 1937, the appellee bank answered by general demurrer, special exceptions, general denial; pleaded acquiescence, estoppel, negligence, ratification, waiver and the statutes of two and four years limitation, Vernon's Ann.Civ.St. arts. 5526, 5527.

The case was submitted on special issues, in response to which the jury found in substance that the City of Lubbock sustained no loss on account of the payment by the Citizens National Bank on the warrants introduced in evidence or any of them; that if any loss was sustained it was not due to the withdrawal of the funds by warrants issued without the authority or knowledge of the City of Lubbock; that the City sustained no loss on account of the transfer to the account of J. R. Germany of any sums belonging to the City; that the bank rendered periodical

statements to the City of its account during the period of time in question and such statements showed a complete account of all funds withdrawn and transferred from the City's funds and it had a reasonable opportunity to know at reasonable periods of the withdrawal or transfer of all its funds in the bank during the time in question.

On these findings judgment was rendered that appellant take nothing by its suit and that appellee go hence without day and recover its cost.

The appellant challenges as error the action of the court in refusing to direct a verdict in its behalf and in entering a judgment against it on the findings of the jury, asserting that the testimony shows without controversy that appellee participated with J. R. Germany in the misapplication and misappropriation of the funds of the City, was the depository thereof; that appellant was required to pay the judgment obtained against it by the City and the testimony shows without dispute that the City had suffered a loss.

The appellant offered in evidence the petition of City of Lubbock v. J. R. Germany et al., Cause No. 2521, which was, in effect, composed of three counts. In the first the City alleged in substance that J. R. Germany had misappropriated cash amounting to $4,323.25; in the second that he had received and appropriated to his own use and benefit moneys, funds and securities amounting to $3,071.89, evidenced by certain warrants which were itemized by numbers, dates and amounts, but the City did not seek to recover against the Fidelity and Deposit Company for the alleged losses set out in either the first or second counts. In the third count the City alleged that J. R. Germany received and misappropriated funds, securities and other personal property belonging to it amounting to $9,951.08, evidenced by warrants which were itemized by numbers, dates and amounts, but included none of the items described in the first or second counts. The petition then alleged that the surety became bound and liable to pay the City the sum of $10,000 covering the loss evidenced by the moneys, funds and securities described in the third count, which were said to aggregate the sum of $9,951.08. The City prayed that it have judgment against J. R. Germany for all of said losses alleged to amount to $20,-000 and a foreclosure of the equitable lien claimed by the City against certain real estate and personal property to the extent that the $4,323.25, the alleged misappropriated cash described in the first count, and the $3,071.89, evidenced by the certain misappropriated itemized warrants described in the second count, were expended in acquiring and paying for said real estate and personal property, and for a judgment against the Fidelity and Deposit Company for the $9,951.08, evidenced by the itemized warrants described in and alleged to have been misappropriated in the third count.

The decree of the court was against J. R. Germany and his surety, the Fidelity and Deposit Company, for the sum of $8,000, and adjudged that the City take nothing against J. R. Germany on account of any property, real or personal and that any and all liens on said property claimed or asserted by the City be cancelled, set aside and vacated. This judgment is general and, construed by the language therein, does not reveal whether it included any of the cash alleged in the first count to have been misappropriated or any of the warrants alleged in the second count to have been misappropriated, but no recovery was sought on either of said first or second counts against the surety of J. R. Germany.

The courts are without power until their jurisdiction is invoked by pleading to render a valid judgment on the subject matter in controversy and pleadings are essential as testimony as a basis for a valid judgment. Dunlap et al. v. Southerlin et al., 63 Tex. 38; Sandoval et al. v. Rosser et al., Tex.Civ.App., 26 S.W. 930. The presumption, therefore, under this record is conclusive, we think, that the City did not recover in its suit against the appellant herein for the misappropriation of the cash alleged to have been misapplied in the first count or of the proceeds of the warrants alleged to have been misapplied in the second count. We must assume, therefore, that the judgment of the City for $8,000 was comprised of a part only of the warrants and checks described in the third count, which aggregated $9,951.08, the sum which the City sought to recover against the Fidelity and Deposit Company.

On a trial of this case the appellant also introduced in evidence the warrants, the proceeds of which were alleged in the second count to have been misappro-

priated, for the purpose of showing that the amount of such warrants, $3,071.89, was .lost by the City and paid by the appellant, and the bank's liability thereon, but inasmuch as the appellant has shown by its testimony that no judgment was sought or obtained by the City for the defalcation alleged in the first and second counts of its petition, such items obviously did not constitute any part of the $8,000 judgment the City recovered against the surety of Germany nor any part of the adjudicated loss sustained by the City, and therefore could not be included in any recovery by appellant because of the payment of the City's judgment.

In Rackley v. Fowlkes, 89 Tex. 613, 36 S.W. 77, the Supreme Court said [page 78]: "The proposition seems to be sound in principle and well supported by authority that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

Approved in Beaumont Irrigating Co. v. Delaune, 107 Tex. 381, 180 S.W. 98.

This rule, we believe, is conclusive of the proposition that the City did not only fail to obtain a judgment against the Fidelity and Deposit Company on the alleged losses described in either the first or second count in the petition in Cause 2521, but that the trial was a judicial determination that J. R. Germany had not misappropriated the funds described in said first and second counts and was an adjudication against the City's right to recover thereon.

The appellant contends, however, that since it was subrogated to the rights of the City in the judgment it paid; the bank given an opportunity to urge any defense it had against the cross-action it alleged in the suit by the City but refused and availed itself of a plea in abatement to avoid urging any defense, and no collusion was shown in the acquisition of the judgment by the City, and since the bank was responsible over to appellant as subrogee, the judgment conclusively showed the liability of the appellee bank to the appellant. Washington Gaslight Company v.

District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712.

The appellant did not in the trial rely on the rule now urged since the record shows conclusively that it did not limit the recovery sought to the warrants and checks described in the third count of the petition on which the city obtained its judgment, but also pleaded and attempted to prove as a basis for recovery the warrants and checks described in the second count of the city's petition on which the City had been denied a recovery, and it is obvious that the appellant was not entitled to recover any item for which the City failed to obtain a decree, and proof of such item if made would not have shown liability against the appellee bank, since the warrants and checks in the second count were, in effect, adjudged to show valid transactions on which Germany was not liable.

The judgment in Cause 2521 obtained by the City on the third count of its petition was for $1,951 less than the amount of the warrants and checks itemized therein, the proceeds of which were claimed to have been misappropriated. The warrants and checks before us furnish no explanation as to why the transactions evidenced by some of them were adjudged valid and the transactions represented by others similarly drawn and executed held to disclose misappropriation of the city's funds. Neither does the judgment identify any check or warrant comprising the amount thereof and it is also silent as to which items were valid and which invalid and constituted the misappropriation of funds making up the $8,000, the amount of the judgment, and we are unable to ascertain these facts from anything disclosed by this record.

In 34 C.J. par. 1235, p. 818, it is said: "The legal effect of the silence of a judgment or any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which has the effect of res judicata against a subsequent action for that part."

This text is supported by Pitt v. Gilbert, Tex.Civ.App., 190 S.W. 1157. and the authorities therein cited.

In our opinion, therefore, the judgment would not be conclusive evidence of the liability of the bank for the whole of the $8,-000, judgment obtained by the City against the surety company nor any certain amount thereof, since none of the items misappropriated are identified nor can any of the

items entering into the judgment be determined from the record.

It follows from what we have said that, in our opinion, the appellant was not entitled to a directed verdict in its behalf, as requested.

 The testimony relied on by appellant to show the liability of the bank is so uncertain, indefinite and unsatisfactory, we do not feel authorized in holding that the verdict and judgment should be set aside.

The original petition was filed by appellant against the appellee on June 7, 1928, and an amended petition filed March 28, 1932, in which the appellant first claimed that the bank was obligated to the City on a depository bond and sought to hold the bank on such written instrument, and the warrants and checks on which claims were asserted were dated prior to December 17, 1925.

The appellee pleaded the statute of two and four years limitation and the jury found on ample testimony that the bank rendered periodical statements to the City of its account during the time in question and that such statement showed a complete account of all transactions by which funds were withdrawn from the bank and that the City had reasonable opportunity to know of all withdrawals and transfers of its fund in the bank during the time in question. If these statements set the statutes of limitation to running, the claims were barred under either statute, if we are correct in concluding that the judgment, because not identifying the items of which it was composed, did not defeat the bank's pleas of limitation.

In Banks and Banking, Zollmann, vol. 5, p. 372, § 3388, the rule is stated as follows: "Rendering a statement to a customer showing the balance claimed by the bank is equivalent to a notice that any claim in excess of that amount will not be paid, and as to such excess the statute of limitations begins to run at once, and the depositor may sue without any subsequent notice."

Zollmann, in his work on Banking, on the authority of Union Tool Co. v. Farmers' & Merchants' Nat. Bank of Los Angeles, 192 Cal. 40, 218 P. 424, 430, 28 A.L.R. 1417, announces the law as follows, in a footnote on page 372: "The submission of a check as a voucher and of a statement in which its amount is charged to the depositor's account is notice to him that the bank treats that check as the basis of a valid charge to his account; that it has charged it to that account; and, of course, that it no longer holds itself liable to him for the amount so charged. It is a denial of liability for the amount paid out on the check" and sets the statute of limitations in motion.

The principles here stated appear to be in conformity with the law announced by the decisions of Texas. Commercial & Agricultural Bank v. Simon L. Jones et al., 18 Tex. 811; Independent Farmers' Gin Co. v. Hander et al., Tex.Civ.App., 269 S. W. 1062; Bitter v. Bexar County, Tex. Com.App., 11 S.W.2d 163; State v. Carnes et al., Tex.Civ.App., 106 S.W.2d 397.

The original opinion is withdrawn, the judgment heretofore entered by this court set aside, and the judgment of the trial court affirmed.